The Honorable David R. Malone State Senator P.O. Box 1048 Fayetteville, AR 72702-1048
Dear Senator Malone:
This is in response to your request for an opinion on the following question:
 BACKGROUND: Washington County contracts with various non-profit agencies to provide certain services for Washington County citizens. Some of these agencies also provide service to people from other counties who do not provide similar funding.
 QUERY: Is it permissible for Washington County to provide funding to these agencies under these circumstances?
Although you have not identified the particular services being provided for Washington County under the contracts, I assume that they generally fall within those services which the county either may or must provide for its citizens, under A.C.A. §§ 14-14-801 or -802 (Repl. 1998). Presumably, therefore, the question arises not from the nature of the services themselves, but from the concern that people from other counties may be receiving services that were paid for by Washington County. You have supplied no additional facts regarding the services provided to people from other counties or the existence of any other funding source for these non-profit agencies.
In my opinion, the mere fact that the agencies are providing services to people from other counties does not form a sufficient basis for declaring that the funding by Washington County is impermissible. Even assuming that Washington County is the only funding source for these agencies, the mere fact that citizens from another county may be benefiting from Washington County's contract does not, standing alone, compel the conclusion that there has been a misapplication of public funds so as to constitute an "illegal exaction." See Ark. Const. art. 16, § 13.
Clearly, the county cannot appropriate funds to a service or function that is unrelated to its county affairs. As stated by the Arkansas Supreme Court, in explaining this basic doctrine: "the objects for which money is raised by taxation must be public, and such as subserve the common interest and well being of the community required to contribute."Chandler v. Bd. Of Trustees, 236 Ark. 256, 258, 365 S.W.2d 447 (1963), quoting from Brodhead v. City of Milwaukee, 19 Wis. 624. It must be noted in this regard, however, that legislative declarations of public purposes are generally given great weight. See, e.g., 81 C.J.S. States § 205(c) and Op. Att'y Gen. 96-358 (regarding a county appropriation to purchase recreation equipment that will be located in a school building and restricted in use by the school). In other words, the question of whether a particular expenditure serves a public, i.e., county purpose, will generally be for the county quorum court to determine. If the contract is not supported by adequate consideration, then a different question may be presented. But this would require a factual review outside the ordinary scope of an Attorney General opinion. I cannot conclude, under these bare facts, that there has been a misapplication of funds in either a manner or for a purpose not authorized by law. See generally Mackey v.McDonald, 255 Ark. 978, 501 S.W.2d 726 (1974).
Assistant Attorney General Elisabeth A. Walker prepared the following opinion, which I hereby approve.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh